Pb-57 Doe v Lutheran Church Mo. Synod (2025 NY Slip Op 03435)

Pb-57 Doe v Lutheran Church Mo. Synod

2025 NY Slip Op 03435

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

260 CA 23-01580

[*1]PB-57 DOE, PLAINTIFF-APPELLANT,
T
v
HE LUTHERAN CHURCH MISSOURI SYNOD, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

PHILLIPS & PAOLICELLI, LLP, NEW YORK CITY (VICTORIA E. PHILLIPS OF COUNSEL), AND COONEY & CONWAY, CHICAGO, ILLINOIS, FOR PLAINTIFF-APPELLANT.
WALSH, ROBERTS & GRACE LLP, BUFFALO (MARK P. DELLA POSTA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered August 24, 2023. The order granted the motion of defendant The Lutheran Church Missouri Synod for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that she was sexually abused by a teacher while attending defendant St. Peter Lutheran Church and School (St. Peter's). St. Peter's was one of over 5,000 member congregations within defendant The Lutheran Church Missouri Synod (LCMS), which itself was divided into a number of districts, including defendant The Lutheran Church-Missouri Synod Eastern District (District), which encompassed St. Peter's. In appeal No. 1, plaintiff appeals from an order that, inter alia, granted the motion of LCMS for summary judgment dismissing the complaint against it. In appeal No. 2, plaintiff appeals from an order that, inter alia, granted the motion of the District for summary judgment dismissing the complaint against it.
Plaintiff contends in both appeals that Supreme Court erred in granting the motions because LCMS and the District failed to establish their entitlement to judgment as a matter of law. We reject those contentions. "The 'threshold question' in any negligence action is whether a defendant owes a 'legally recognized duty of care to [a] plaintiff' " (Stephanie L. v House of the Good Shepherd, 186 AD3d 1009, 1011 [4th Dept 2020], quoting Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]). As relevant on appeal, plaintiff's first cause of action alleged negligent retention, supervision, and direction, a claim that "is based upon the defendant's status as an employer" (PB-20 Doe v St. Nicodemus Lutheran Church, 228 AD3d 1233, 1234 [4th Dept 2024] [internal quotation marks omitted]). " '[I]t is essential, at the very least, that the person for whose negligent conduct the [defendant] is sought to be charged be engaged in its service' " (id., quoting Rosenweig v State of New York, 5 NY2d 404, 409 [1959]). In determining whether an employment relationship exists, courts consider, inter alia, who hired the actor, who controls the performance of the actor's work, who compensates the actor, and who has authority to fire the actor (see Griffin v Sirva, Inc., 29 NY3d 174, 186 [2017]; see also PB-20 Doe, 228 AD3d at 1234).
Contrary to plaintiff's contentions, LCMS and the District each met their initial burden with respect to plaintiff's first cause of action by establishing that they had no employment relationship with the teacher and thus did not owe plaintiff a duty of care. In support of their [*2]motions, LCMS and the District each submitted evidence that St. Peter's hired the teacher, paid his salary, supervised his daily activities, and had the sole authority to terminate his employment. Further, each submitted the constitution and by-laws of LCMS in effect at the time of the alleged abuse, which provided that member congregations were autonomous and self-governing and that LCMS was merely an advisory body. Although LCMS, through its districts, created "rosters" of teachers who possessed the requisite teaching credentials and although LCMS possessed the ability to expel an LCMS member from its ranks, LCMS and the District also presented evidence that member congregations were not required to hire teachers from a roster and that removal from a roster did not directly impact the employment status of the removed teacher. Indeed the LCMS constitution contemplated that a congregation might continue to employ a teacher who had been expelled. The record reflects that neither LCMS nor the District had a direct role in the hiring or firing of congregation employees, that neither placed teachers at congregational schools, and that neither could prevent a congregation from employing, firing, or retaining a teacher in the congregation's employment (cf. PB-20 Doe, 228 AD3d at 1235-1236). We further conclude that plaintiff failed to raise an issue of fact in opposition. Although plaintiff submitted evidence that LCMS and the District were monitoring the teachers within their member congregations generally and were monitoring plaintiff's alleged abuser specifically, plaintiff failed to raise a material issue of fact regarding either defendant's ability to hire, fire, supervise, or otherwise control the performance of teachers at congregational schools.
Contrary to plaintiff's contention regarding her second cause of action, sounding in, inter alia, ordinary negligence, neither LCMS nor the District assumed a duty of care to protect students at congregational schools or to supervise congregation-employed teachers. "Foreseeability, alone, does not define duty" (Hamilton, 96 NY2d at 232), and "[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where, as a practical matter defendant can exercise such control" (id. at 233; see Stephanie L., 186 AD3d at 1012). A duty to a plaintiff injured by a third party may arise where there is a "relationship either between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others" (Hamilton, 96 NY2d at 233). Whether the duty arises from the relationship between the defendant and the tortfeasor or from the relationship between the defendant and the plaintiff, the "key in each [situation] is that the defendant's relationship with the tortfeasor or the plaintiff places the defendant in the best position to protect against the risk of harm" (id.).
For the reasons stated above, we conclude that LCMS and the District established that neither had a relationship with congregational teachers that encompassed actual control over those teachers. The record likewise establishes that LCMS and the District lacked the requisite relationship with plaintiff. Among other things, the relationship that LCMS and its districts had with the students at schools founded and run by independent and autonomous congregations did not place either defendant in the best position to protect against the risk of harm inasmuch as the record reflects that they lacked the authority to remove an alleged abuser from congregational employment (see id.).
In light of our determination, we do not reach plaintiff's remaining contentions.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court